**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **OBESITY MEDICINE ASSOCIATION,**<br>**Plaintiff,**<br><br>**v.**<br><br>**AMERICAN DIABETES ASSOCIATION,**<br>**Defendant.** | CIVIL ACTION NO.: 1:26-cv-874 |

## VERIFIED COMPLAINT

OBESITY MEDICINE ASSOCIATION ("OMA" or "Plaintiff"), by counsel, hereby files this Verified Complaint against the AMERICAN DIABETES ASSOCIATION ("ADA" or "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for willful trademark infringement of Plaintiff's federally-registered OBESITY MEDICINE ASSOCIATION Marks (as defined herein) arising under the Trademark Act of the United States, commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq., for unfair competition and under the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related state trademark infringement and unfair competition claims under the laws of the Commonwealth of Virginia, the Trademark Registration and Protection Act, Virginia Trademark and Service Mark Act §59.1-92.1 et seq., and Virginia common law, all arising from the Defendant's unauthorized use of the OBESITY ASSOCIATION Marks (as defined herein) in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's services under the OBESITY ASSOCIATION Marks.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 because such state law claims are joined with and related to claims under the Lanham Act.

4. This Court has personal jurisdiction over AMERICAN DIABETES ASSOCIATION as Defendant transacts business in this District and/or committed the acts forming the basis of this Verified Complaint within the District. Specifically, Defendant's headquarters are located in this District at 2451 Crystal Drive, Suite 900, Arlington, Virginia 22202. Therefore, Defendant is subject to personal jurisdiction in Virginia.

5. In addition, this Court has personal jurisdiction over Defendant since it offers, promotes, and provides and/or sells and makes available its products and services to prospective customers within the District.

6. The Court has general and specific jurisdiction over Defendant as ADA's headquarters are located in this District and it has continuous and systematic contacts with Virginia.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendant's headquarters are located in this District and because certain events or omissions giving rise to the claims in this action occurred in the Alexandria Division, and because Defendant is subject to this Court's personal jurisdiction with respect to this action.

## THE PARTIES

8. Plaintiff OBESITY MEDICINE ASSOCIATION is a Colorado not-for-profit corporation with its principal place of business located at 7173 S. Havana Street, #600-130, Centennial, Colorado 80112.

9. Defendant AMERICAN DIABETES ASSOCIATION is an Ohio corporation with its principal place of business located at 2451 Crystal Drive, Suite 900, Arlington, VIRGINIA UNITED STATES 22202.

**FACTS**

10. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 9.

***Plaintiff and the OBESITY MEDICINE ASSOCIATION Marks***

11. Plaintiff OMA is a non-profit association working to advance the prevention, treatment, and reversal of the disease of obesity. OMA is the largest organization of physicians, nurse practitioners, physician assistants, and other health care providers working every day to improve the lives of patients affected by obesity. OMA members are clinical experts in obesity medicine and use a comprehensive, scientific, and individualized approach when treating obesity, which helps patients achieve their health and weight goals.

12. For 75 years, OMA has provided a host of services directed to obesity professionals, all aligned with its four pillars of obesity treatment, namely: (1) nutrition therapy, (2) physical activity, (3) behavioral modification, and (4) medical interventions.

13. OMA membership provides access to: (a) expert continuing medical educational offerings with specialized knowledge regarding obesity treatments including expert educational products (written and electronic); (b) networking, mentorship, and connections with subject matter experts and materials; (c) research, position statements, and clinical practice statements (among others) published in the OMA's scholarly journal, *Obesity Pillars*®; and (d) advocacy in obesity matters, among many other things.

14. OMA's educational offerings include, among other things, OMA Academy, which is

a comprehensive and accessible online learning platform designed to enhance the knowledge and skills of healthcare providers dedicated to addressing the complex challenges of obesity. Courses cover topics such as assessment and diagnosis, evidence-based treatment approaches, medical interventions, and more – all based on the comprehensive treatment approach with specialized insight built on the four pillars of obesity medicine.

15. OMA also provides valuable networking and mentorship opportunities. OMA Members may join OMA Local Affiliated Network Groups, which are local groups of obesity medicine providers in a given area. Members discuss unique challenges in their geographic area and learn best practices for treating patients. The OMA Mentorship Program connects new members with clinicians when they join the program. This allows members to share knowledge as a mentor or gain practical insights as a mentee.

16. OMA's *Obesity Pillars*® medical journal serves as an authoritative resource to assist clinicians in delivering patient-centered obesity medical care. It advances obesity medicine research through scholarly publications and serves as a practical resource for clinicians who treat patients with obesity. Moreover, *Obesity Pillars*® published high-quality original works based on standards of excellence and expert peer review in an open-access journal. The Clinical Practice Statements ("CPS") published in *Obesity Pillars*® represent unique, evidence-based guidance for obesity medicine clinicians, reviewed and approved by the OMA Board of Trustees and written by clinical experts. Each in-depth CPS covers a topic directly related to obesity treatment and aligned with the Obesity Algorithm® and Pediatric Obesity Algorithm®.

17. In addition, OMA engages in advocacy efforts that further its four pillars of obesity treatment.

18. Thus, OMA's product and service offerings including, but not limited to, "*Association*

*services, namely, promoting the interests of physicians, nurse practitioners, physician assistants, and other health care providers who specialize in the medical treatment of obesity*" and "*Educational services, namely, conducting educational conferences, courses, programs and non-downloadable webinars in the field of obesity evaluation and treatment, and distribution of course materials in connection therewith; providing training in the medical management of obesity*" and related services (collectively, "OMA's Services") are offered by Plaintiff under the mark OBESITY MEDICINE ASSOCIATION and associated marks, logos, and slogans, including the following (collectively, the "OBESITY MEDICINE ASSOCIATION Marks"):

a. **United States Federally Registered Trademarks:**

i. **OBESITY MEDICINE ASSOCIATION** (Registration No. 7715121) for "*Association services, namely, promoting the interests of physicians, nurse practitioners, physician assistants, and other health care providers who specialize in the medical treatment of obesity*" in Class 35 and "*Educational services, namely, conducting educational conferences, courses, programs and non-downloadable webinars in the field of obesity evaluation and treatment, and distribution of course materials in connection therewith; providing training in the medical management of obesity*" in Class 41.

ii. **OBESITY MEDICINE ASSOCIATION (& Design)** (Registration No. 5016667)

Obesity
Medicine
Association

for "*Association services, namely, promoting the interests of physicians who specialize in the medical treatment of obesity*" in Class 35 and "*Educational services, namely, conducting programs in the field of obesity evaluation and treatment, and distribution of course materials in connection therewith; providing training in the medical management of obesity*" in Class 41.

(collectively, the "OMA Registrations").

Certificates of Registration for the OMA Registrations issued by the United States Patent and

Trademark Office ("USPTO") are attached hereto as **Exhibit 1.**

19. Plaintiff also owns extensive common law rights in the OBESITY MEDICINE ASSOCIATION Marks.

20. OMA has been offering "*Educational services, namely, conducting educational conferences, courses, programs and non-downloadable webinars in the field of obesity evaluation and treatment, and distribution of course materials in connection therewith; providing training in the medical management of obesity*" services under the word mark OBESITY MEDICINE ASSOCIATION since at least as early as December 23, 2012.

21. The OBESITY MEDICINE ASSOCIATION Marks have been in use in commerce for over a decade for OMA's Services throughout the United States.

22. During that time, OMA has prominently displayed the OBESITY MEDICINE ASSOCIATION Marks on its website, https://obesitymedicine.org/, social media accounts, in print media, newspapers, magazines, and on signs, banners, and numerous promotional materials.

23. OMA has extensively and continuously promoted, offered, provided, and sold OMA's Services under the OBESITY MEDICINE ASSOCIATION Marks in the United States.

24. OMA has invested substantial time, effort, and expense in advertising, marketing, and promoting OMA's Services under the OBESITY MEDICINE ASSOCIATION Marks.

25. OMA has taken measures to protect its valuable rights in the OBESITY MEDICINE ASSOCIATION Marks, including expending considerable time and expense to register the above-cited marks with the USPTO. *See, e.g.,* Exhibit 1.

26. By reason of OMA's registrations and common law rights through its extensive use and promotion of OMA's Services under the OBESITY MEDICINE ASSOCIATION Marks, the OBESITY MEDICINE ASSOCIATION Marks have acquired significant recognition. Plaintiff

OMA has a strong and respected reputation among consumers and the general public, including among residents in the Commonwealth of Viginia and in this district.

27. The OBESITY MEDICINE ASSOCIATION word mark has acquired distinctiveness and is now widely recognized by consumers, the public, and those in Plaintiff's trade.

***Defendant's Infringement of the OBESITY MEDICINE ASSOCIATION Marks***

28. Defendant ADA offers similar, competing services as OMA's Services under the marks "OBESITY ASSOCIATION," "OBESITY ASSOCIATION A DIVISION OF THE AMERICAN DIABETES ASSOCIATION," and various related logos (collectively, the "OBESITY ASSOCIATION Marks").

29. Upon information and belief, Defendant claims to offer comprehensive standards to reduce weight stigma and improve care for people living with overweight and obesity. It states that its *Standards of Care in Overweight and Obesity* "will offer a groundbreaking roadmap to empower health care professionals with the tools necessary to deliver the best possible evidence-based, pragmatic care to people with overweight and obesity." *See* https://obesityassociation.org/standards-of-obesity-care.

30. In addition, upon information and belief, Defendant recently launched the inaugural issue of *Diabetes, Obesity, and Cardiometabolic Care*, which it describes as "a premier venue for publishing high-impact original research, insightful reviews, and scholarly insights that explore the interplay between these critical fields." *See* https://diabetesjournals.org/docm-care/article/1/1/3/164390/Introducing-the-Obesity-Association-and-the-Launch.

31. Upon information and belief, Defendant engages in Obesity Advocacy with a focus "on education, action, and evidence-based support."

32. Such services offered by ADA under the OBESITY ASSOCIATION Marks include, upon information and belief, "*Promoting public awareness of obesity disease by means of public advocacy; promoting public awareness of the connection between obesity and diabetes by means of public advocacy; promoting public awareness of obesity disease by means of public advocacy regarding research and knowledge in the treatment and management of obesity*" and "*Providing health information in the field of obesity; providing healthcare information in the field of obesity for educational purposes*" and related services (collectively, "ADA's Services").

33. Defendant is using the OBESITY ASSOCIATION Marks in connection with commercial activities to promote, provide, and sell ADA's Services including in Virginia and this District.

34. Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in its OBESITY MEDICINE ASSOCIATION Marks, Defendant adopted and began using the confusingly similar OBESITY ASSOCIATION Marks in commerce in the United States.

35. Defendant's website at https://obesityassociation.org/ ("Defendant's Website") and other promotional materials feature the infringing OBESITY ASSOCIATION Marks.

36. The OBESITY ASSOCIATION Marks adopted and used by Defendant are confusingly similar to Plaintiff's OBESITY MEDICINE ASSOCIATION Marks. Specifically, the word marks "OBESITY ASSOCIATION" and "OBESITY MEDICINE ASSOCIATION" are so similar in sight, sound, and meaning, with only the addition of the descriptive word "MEDICINE" being in the middle of Plaintiff's mark, that the marks are likely to cause and have caused consumer confusion.

37. Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale, provision, and sale of ADA's Services using the OBESITY

ASSOCIATION Marks throughout the United States. Attached hereto as **Exhibit 2** are true and correct representative examples including screenshots of Defendant's Website, showing Defendant's use of the infringing OBESITY ASSOCIATION Marks.

38. ADA's Services under the OBESITY ASSOCIATION Marks are similar to, overlap with, and include OMA's Services under the OBESITY MEDICINE ASSOCIATION Marks.

39. Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, provided, and sold ADA's Services under the OBESITY ASSOCIATION Marks through the same and overlapping channels of trade as OMA's Services under the OBESITY MEDICINE ASSOCIATION Marks.

40. Defendant has marketed, advertised, promoted, offered for sale, provided, and sold ADA's Services under the OBESITY ASSOCIATION Marks to the same class of consumers and target customers as OMA's Services under the OBESITY MEDICINE ASSOCIATION Marks.

41. On or around July 27, 2024, Defendant filed a federal trademark application with the USPTO to register the below OBESITY ASSOCIATION Mark, the subject of U.S. Application Serial No. 98/669,750 (the "OBESITY ASSOCIATION Application"):

Obesity
Association
A division of the American Diabetes Association

A copy of the OBESITY ASSOCIATION Application as filed with the USPTO is attached hereto as **Exhibit 3**.

42. On February 25, 2025, the USPTO issued an Office Action refusing registration of the OBESITY ASSOCIATION Application on the basis, in part, that the mark is confusingly similar

to the OBESITY MEDICINE ASSOCIATION Marks and OBESITY MEDICINE ASSOCIATION Registrations. A copy of the Office Action is attached hereto as **Exhibit 4**.

43. Defendant responded to the Office Action attempting to argue that the OBESITY ASSOCIATION Application was not confusingly similar to the OBESITY MEDICINE ASSOCIATION Marks. A copy of that Response is attached hereto as **Exhibit 5**. However, the USPTO did not find such arguments persuasive, and on November 10, 2025 issued a Second Office Action maintaining the likelihood of confusion refusal against the OBESITY ASSOCIATION Application. *See* Second Office Action issued November 10, 2025, attached hereto as **Exhibit 6**.

44. On December 30, 2025, Plaintiff's counsel sent a letter to Defendant objecting to Defendant's use of the OBESITY ASSOCIATION Marks and Defendant's attempts to register the OBESITY ASSOCIATION Application with the USPTO.

45. On January 30, 2026, Defendant's counsel sent a response to that letter stating that it "simply disagree[ed] with OMA's view of this matter," and raised the same arguments against likelihood of confusion that the Patent Office had already rejected. **Exhibit 7** is a true and correct copy of Defendant's counsel's letter to Plaintiff dated January 30, 2026.

46. On February 24, 2026, Plaintiff's counsel sent a response letter to Defendant rebutting those arguments and demanding that Defendant, among other things, immediately cease and desist from all further use of the OBESITY ASSOCIATION marks, expressly abandon the OBESITY ASSOCIATION Application, and transfer the obesityassociation.org domain name to OMA. **Exhibit 8** is a true and correct copy of Plaintiff's counsel's letter to Defendant dated February 24, 2026.

47. Defendant has not complied with those demands.

48. Defendant has persisted in the infringing acts alleged herein.

49. Defendant's infringing acts as alleged herein have caused and are likely to continue causing confusion, mistake, and deception among the relevant public as to the source or origin of ADA's Services and have and are likely to deceive the relevant public into believing, mistakenly, that Defendant ADA's Services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff OMA.

50. Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by OMA's efforts engage the American Academy of Family Physicians, which confused Plaintiff OMA's Services with Defendant ADA's Services.

51. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's OBESITY MEDICINE ASSOCIATION Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff OMA's Services to the Defendant.

52. Upon information and belief, Defendant adopted the OBESITY ASSOCIATION Marks with full knowledge of Plaintiff's OBESITY MEDICINE ASSOCIATION Marks and Plaintiff's reputation and goodwill associated with the same.

53. Defendant's use of the OBESITY ASSOCIATION Marks is causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT I**
**(Federal Trademark Infringement in Violation of the Lanham Act – 15 U.S.C. § 1114)**

54. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-53 of this Verified Complaint as if set forth in full.

55. Defendant's unauthorized use in commerce of the OBESITY ASSOCIATION Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant ADA's Services, and is likely to cause consumers to believe, contrary to fact, that ADA's Services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in OBESITY MEDICINE ASSOCIATION Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill. Defendant has used and is continuing to use the OBESITY ASSOCIATION Marks with full knowledge of Plaintiff's rights in the confusingly similar OBESITY MEDICINE ASSOCIATION Marks, and after Plaintiff notified Defendant to cease use of its infringing OBESITY ASSOCIATION Marks. Upon information and belief, said actions by Defendant are with an intent and purpose to trade upon the goodwill of Plaintiff and the OBESITY MEDICINE ASSOCIATION Marks, and are thus willful and deliberate.

57. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II**
**(Unfair Competition in Violation of the Lanham Act – 15 U.S.C. §§ 1125(a))**

59. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-58 of this Verified Complaint as if set forth in full.

60. Defendant's unauthorized use in commerce of the OBESITY ASSOCIATION Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant ADA's Services, and is likely to cause consumers to believe, contrary to fact, that ADA's Services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

61. Defendant's unauthorized use in commerce of the OBESITY ASSOCIATION Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

62. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

63. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Defendant has used and is continuing to use the OBESITY ASSOCIATION Marks with full knowledge of Plaintiff's rights in the confusingly similar OBESITY MEDICINE ASSOCIATION Marks, and after Plaintiff notified Defendant to cease use of its infringing OBESITY ASSOCIATION Marks. Upon information and belief, said actions by Defendant are with an intent and purpose to trade upon the goodwill of Plaintiff and the OBESITY MEDICINE ASSOCIATION Marks, and are thus willful and deliberate.

65. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff. Plaintiff's goodwill and reputation will continue to be damaged, and the public will be confused as to the association between Plaintiff and Defendant unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law.

66. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**(Virginia Trademark Infringement)**

67. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-66 of this Verified Complaint as if set forth in full.

68. Plaintiff owns rights in its OMA Registrations and OBESITY MEDICINE ASSOCIATION Marks.

69. The OMA Registrations and OBESITY ASSOCIATION Marks are associated in the minds of relevant consumers with OMA's Services.

70. Defendant has used and is continuing to use the OBESITY ASSOCIATION Marks with full knowledge of Plaintiff's rights in the OMA Registrations and OBESITY MEDICINE ASSOCIATION Marks. Defendant's use of the OBESITY ASSOCIATION Marks are with an intent and purpose to cause consumers to be confused or mistakenly believe that ADA's Services are authorized, affiliated with, or otherwise approved by Plaintiff.

71. Defendant's unauthorized use in commerce of the OBESITY ASSOCIATION Marks is likely to result in confusion, deception or mistake as to OMA, affiliation and

authorization, and therefore constitutes an infringement of the OBESITY MEDICINE ASSOCIATION Marks pursuant to VA Code §59.1-92.12.

72. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation in the OBESITY MEDICINE ASSOCIATION Marks and Plaintiff's Services and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**COUNT V**
**(Unfair Competition Under Virginia Common Law)**

73. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-72 of this Verified Complaint as if set out in full.

74. Defendant's use of the OBESITY ASSOCIATION Marks is being done with the intent to trade on the goodwill created by Plaintiff in the OBESITY MEDICINE ASSOCIATION Marks. Such use has continued in bad faith despite Defendant being notified that such use must cease.

75. Defendant's unauthorized use of the OBESITY ASSOCIATION Marks constitutes the common law tort of unfair competition.

76. Unless restrained by this Court, Defendant's actions will cause irreparable injury to Plaintiff.

77. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff's goodwill and reputation in the OBESITY MEDICINE ASSOCIATION Marks and OMA's Services and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

78. Plaintiff requests trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(A) That Defendant and Defendant's respective directors, officers, agents and employees, successors and assigns, and Defendant's affiliates and their respective directors, officers, agents and employees, successors and assigns, and all others acting in knowing concert with them, be preliminarily and then permanently restrained and enjoined from:

(i) offering, marketing, advertising, displaying, selling, or otherwise providing ADA's Services or any related goods or services using the OBESITY ASSOCIATION Marks or any variations thereof in a manner which is likely to cause confusion, mistake, or deception, including holding out that there is an affiliation or association between Plaintiff and Defendant and/or that ADA's Services are endorsed, authorized, or developed by Plaintiff;

(ii) otherwise infringing the OBESITY MEDICINE ASSOCIATION Marks;

(iii) engaging in any other acts of unfair competition; and

(iv) engaging in any deceptive trade practices in the offering of goods or services under the OBESITY ASSOCIATION Marks.

(B) That Defendant be directed to expressly abandon the OBESITY ASSOCIATION Application and any other application incorporating the OBESITY ASSOCIATION terms.

(C) That Defendant be directed to deliver up for destruction or to transfer, as applicable, all labels, signs, prints, packages, wrappers, receptacles, advertisements, seals, or other materials in its possession or custody and control which display the OBESITY ASSOCIATION Marks or any other variations thereof.

(D) That Plaintiff be awarded the profits secured by Defendant as a result of its unlawful activities, that said award be trebled as provided by law, and that Plaintiff be awarded damages and prejudgment interest under 15 U.S.C. §1117(b)(2) in an amount determined by the Court for willful infringement.

(E) That Plaintiff be awarded punitive damages in such amount as the Court and jury shall find sufficient to deter Defendant's willful, unlawful conduct.

(F) That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

(G) That Plaintiff have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Dated: March 31, 2026

Respectfully submitted,

By: /s/ *Richard T. Matthews*

Richard T. Matthews
Virginia State Bar No. 71241
Counsel for Plaintiff
WILLIAMS MULLEN
301 Fayetteville St., Suite 301
Raleigh, NC 27612
Telephone: (919) 981-4070
Facsimile: (919) 981-4300
rmatthews@williamsmullen.com

Clinton H. Brannon
Virginia State Bar No. 72340
WILLIAMS MULLEN
8350 Broad Street, Suite 1600
Tysons, Virginia 22102
Telephone: (703) 760-5226
Facsimile: (703) 748-0244
cbrannon@williamsmullen.com

**VERIFICATION**

I, Teresa Fraker, the Executive Director for Plaintiff the OBESITY MEDICINE ASSOCIATION, hereby declare that I have read this Verified Complaint against Defendant AMERICAN DIABETES ASSOCIATION filed concurrently with this Verification, and know the contents thereof to be true based on my own personal knowledge, except as to such matters therein based on information and belief, and as to these matters, I believe them to be true. Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of March, 2026.

By: Teresa Fraker